(No. 19446.— ▮▮▮▮▮▮▮▮)

WILLIAM R. JOHNSTON, Plaintiff in Error, *vs.* HOWARD G. SHOCKEY, Defendant in Error.

*Opinion filed June 19, 1929.*

CHARLES D. CALLAHAN, for plaintiff in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error began in the municipal court of Chicago an action of deceit against defendant in error. On motion of the latter the statement of claim was stricken

from the files and leave was given plaintiff in error to file amended statement of claim, which he did. To this statement of claim a motion to strike was filed and sustained by the court. Plaintiff in error electing to stand by his amended statement of claim, the court dismissed the suit and entered judgment against him for costs. Plaintiff in error appealed to the Appellate Court, where the judgment of the municipal court was affirmed. The cause is here on writ of *certiorari*.

Defendant in error has filed no brief in this court.

Plaintiff in error's amended statement of claim alleges that on or about the 18th day of May, 1926, he was the owner of what was known as a resident membership in the Medina Country Club, an Illinois corporation; that he at that time applied for a perpetual membership therein, and that the defendant in error came to him and stated that he was the representative and agent of the club and came for the purpose of inducing plaintiff in error to trade his resident membership for a perpetual membership. The statement of claim also alleges "that the said defendant stated and represented to him at the time of the trade of said resident membership for said perpetual membership, that said perpetual membership was worth $3200, and that the Medina Country Club owned in fee simple all the land bounded on the north by Irving Park boulevard, on the west by Medina road, on the south by Lake street and on the east by a certain boundary line which was then existing, * * * and that there were no mortgages against said land or any part thereof, when in truth and in fact said perpetual membership at the time and place was worth less than $2000, or approximately $1450, and that the said land was not owned in fee simple, and that there was a mortgage against the north portion of said land for approximately $80,000 and that the south portion thereof was held by the Chicago Title and Trust Company." The statement of claim further alleges that plaintiff in error believed the represen-

tations of defendant in error, that he relied upon such representations, that the same were material to the transaction, and that at the time they were made by defendant in error the latter knew that they were false, fraudulent, untrue and deceitful. The statement of claim charges that defendant in error made the representations to plaintiff in error with the intention of deceiving him and inducing him to trade his resident membership for the perpetual membership and for the purpose of obtaining the money of the said plaintiff in error by virtue of the false, fraudulent and untrue representations; that the defendant in error stated to plaintiff in error that the club would not pay him any commissions on the trade; that these statements were false; that the club paid defendant in error $175 commissions; that the deceitful and false statements were made for the purpose of inducing plaintiff in error to trade his resident membership for a perpetual membership, and "that the plaintiff relied upon said representations and acted upon the same." It is then charged that by reason of such untrue and deceitful representations the money and property of plaintiff was obtained. The statement of claim charges that it was the duty of defendant in error to refrain from making such false statements and misrepresentations as to value, but that, notwithstanding such duty, he did make such deceitful and fraudulent misrepresentations to the damage of the plaintiff in error, "wherefore the said plaintiff became and was damaged in the difference between said $1450, the value of said perpetual membership at the time and place of said trade, and what the same would have been worth if the said false, fraudulent, untrue and deceitful representations had been true."

The ground upon which the municipal court dismissed the cause of action and on which the Appellate Court sustained that judgment was, that the statement of claim failed to allege that the plaintiff in error was induced to and did transfer his resident membership for a perpetual member-

ship in the club. Plaintiff in error contends that there is sufficient in the statement to cover all essential averments in an action of this character. The rule is that one who is induced to enter into a contract by fraud may rescind the contract and recover back the consideration paid, or he may affirm the contract and recover the difference in value between the property received and what he would have received but for the fraud. (*Siltz* v. *Springer,* 236 Ill. 276.) An action for fraud and deceit must show six elements in order to afford relief: (1) The misrepresentation must be in form a statement of fact; (2) it must be made for the purpose of influencing the other party to act; (3) it must be untrue; (4) the party making the statement must know or believe it to be untrue; (5) the person to whom it is made must believe and rely on the statement; and (6) the statement must be material. (*Krankowski* v. *Knapp,* 268 Ill. 183; *Douglass* v. *Treat,* 246 id. 593; *Prentice* v. *Crane,* 234 id. 302; *Antle & Bro.* v. *Sexton,* 137 id. 410.) These rules appear to have been recognized, but the position of the trial and Appellate Courts appears to be that it was necessary to aver expressly that plaintiff in error did transfer his resident membership for a perpetual membership.

We are of the opinion that the averments of the statement of claim clearly show that this was done. In paragraph 2 it is alleged that the defendant stated and represented to plaintiff "at the time of the trade of said membership for said perpetual membership," etc. In paragraph 4 appears the statement "that plaintiff relied upon said representations and acted upon same." In paragraph 7 of the statement of claim appears the following language: "Wherefore the said plaintiff became and was damaged in the difference between said $1450 and the value of said perpetual membership at the time and place of said trade," etc. Section 358 of chapter 37, (Smith's Stat. 1927,) relating to cases in the municipal court of Chicago, provides

that "in all cases of the fourth class * * * the issues shall be determined without other forms of written pleadings than those hereinafter expressly prescribed or provided for." Section 395 of chapter 37 provides in part: "If the suit be for a tort, it shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law." Under this statute the issues in actions of the fourth class shall be indicated by a statement of claim. In tort actions this is to be done setting out a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. This statement is not required by the act to rise to the dignity of a common law declaration. (*Enberg* v. *City of Chicago,* 271 Ill. 404.) The statement of claim complied with the requirements of the Municipal Court act.

This case is not to be confused with *Foster* v. *Oberreich,* 230 Ill. 525, and *Bouxsein* v. *Granville Nat. Bank,* 292 id. 500. *Foster* v. *Oberreich* was a common law action of fraud and deceit, and the rules of common law pleadings, including representation, falsity, scienter, deception and injury, must be pleaded. The *Bouxsein case* was a bill in chancery to set aside a contract for the purchase of a farm. It was there held that to state a cause of action in equity the same elements as in an action of law are necessary to be stated in the bill. These cases are to be distinguished from the case at bar. The latter is filed under the Municipal Court act, which does not require the particularity of pleading required at common law. The statement of claim fairly presented to the defendant the cause of action and informed him of what he had to meet. The municipal court

368

erred in striking the same and the Appellate Court erred in affirming that action.

The judgments of the Appellate and municipal courts are reversed and the cause is remanded to the municipal court, with directions to overrule defendant in error's motion to strike. *Reversed and remanded, with directions.*