**UNITED STATES of America,**
**Plaintiff,**

v.

**Paul L. TEMPLE, Sullivan Box Factory, a copartnership, and Republic Box Company, a copartnership, Defendants.**

**No. 53 C 1116.**

United States District Court
N. D. Illinois.
Dec. 18, 1956.

R. Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

Myer H. Gladstone, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This action is one by the Government to recover damages for several transactions in which it claims it has been defrauded by defendant Paul Temple. On the basis of its complaint and one other document which will be discussed later, the Government has moved for a summary judgment in its favor.

The first affirmative defense asserted by the answer is that the complaint is barred by the Statute of Limitations.

Consideration of this defense requires an examination of the various Counts of the complaint. Counts I and II set forth two occasions on which Temple allegedly obtained money from the Smaller War Plants Corporation as loans by making false representations, and ask double damages under the False Claims Act, Title 31 U.S.C.A. § 231. That section provides:

"Any person * * * who shall make * * * any claim upon or against the Government of the United States * * * knowing such claim to be false, fictitious, or fraudulent * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act * * * and such forfeiture and damages shall be sued for in the same suit."

The cause of action there given is limited by Title 31 U.S.C.A. § 235, which provides that "Every such suit shall be commenced within six years from the commission of the act, and not afterward".

That limitation would, in view of the times involved, bar the present action so far as Counts I and II are concerned, unless the time for filing was extended by the Wartime Suspension of Limitations Act, Title 18 U.S.C. § 3287:

"When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner * * * shall be suspended until three years after the termination of hostilities as proclaimed by the President * * *"

The question therefore is whether Section 231 designated an "offense involving fraud or attempted fraud against the United States". The Supreme Court held in United States v. Grainger, 1953, 346 U.S. 235, 73 S.Ct. 1069, 97 L.Ed. 1575, that a violation of the companion criminal section of the False Claims Act, Title 18 U.S.C. § 287, was such an "offense" and that the Wartime Suspension of Limitations Act accordingly tolled the normal three-year Statute of Limitations. Whether this decision requires a similar conclusion in the present instance depends upon a comparison of the sections involved. Using exactly the same language, both are concerned with any person who "makes any claim against the United States, knowing such claim to be false"; the sole distinction is in the remedy provided.

■ That a civil and compensatory remedy is made available to the Government in addition to a criminal sanction does not in any way change the character of the act performed, or make it any less an "offense against the United States". United States v. Strange Bros. Hide Co., D.C.N.D.Iowa 1954, 123 F. Supp. 177. Nor is this conclusion a mere matter of semantics revolving around the word "offense". The False Claims Act was concerned with fraud of a pecuniary nature, committed against the government, Marzani v. United States, 1948, 83 U.S.App.D.C. 78, 168 F.2d 133, affirmed without opinion 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431 and 336 U.S. 922, 69 S.Ct. 653, 93 L.Ed. 1084; United States v. Cochran, 5 Cir., 1956, 235 F.2d 131 and United States v. Lurie, 7 Cir., 1955, 222 F.2d 11, 15. The Wartime Suspension of Limitations Act was concerned in turn with the ease with which fraud could be concealed, and sought to grant the government in time of war a correspondingly longer time to discover it. Bridges v. United States, 1953, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557. Surely Congress may be assumed to have been as anxious, or even more anxious, to preserve to the government its civil remedy as its criminal retribution.

This conclusion is supported by similar holdings under the analagous Surplus Property Act, United States v. Covollo, D.C.E.D.Pa.1955, 136 F.Supp. 107; United States v. Witherspoon, 6 Cir.,

1954, 211 F.2d 858. And lower courts which have considered the question have unanimously held that the Wartime Suspension Act tolled the limitations section of the False Claims Act: United States v. Strange Bros. Hide Co., D.C.N.D. Iowa 1954, 123 F.Supp. 177; Dugan & McNamara, Inc., v. United States, 1955, 127 F.Supp. 801, 130 Ct.Cl. 603; United States v. Salvatore, D.C.E.D.Pa.1956, 140 F.Supp. 470. The Seventh Circuit has clearly indicated that, if squarely faced with the same problem, this would be its position, United States v. Lurie, 7 Cir., 1955, 222 F.2d 11, 15. Cf. United States ex rel. Nitkey v. Dawes, 7 Cir., 1945, 151 F.2d 639, certiorari denied 327 U.S. 788, 66 S.Ct. 808, 90 L.Ed. 1015.

■■ Since Sec. 231 provides a remedy for an offense against the United States involving fraud, the time for its enforcement was tolled by the Wartime Suspension of Limitations Act, and this action was timely filed as to Counts I and II.

■■ Count III alleges the presentation to the Government of a fraudulent claim and seeks recovery under Title 41 U.S.C.A. § 119, which allows recovery by the United States for presenting to the government a false document for the purpose of obtaining money. This section is subject to no specific statutory limitation, and a recent Supreme Court decision, Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, indicates that Title 28 U.S.C. § 2462 limiting the time for recovery of "penalties" would not apply, cf. United States v. Weaver, 5 Cir., 1953, 207 F.2d 796; United States v. Witherspoon, 6 Cir., 1954, 211 F.2d 858; and Erie Basin Metal Products, Inc., v. United States, Ct.Cl., 145 F.Supp. 922. Counts IV and V (described below) are common law counts as to which there is no statute of limitations against the government. The defense of the statute of limitations as to these Counts must accordingly also be overruled.

The second affirmative defense is that the plaintiff's claim has been previously adjudicated and is barred by a judgment recovered by the Reconstruction Finance Corporation against Paul Temple on August 5, 1949 in the United States District Court for the Southern District of Illinois, Southern Division. The Government's somewhat unusual response to this pleading was to rely on the same judgment as entitling it to a summary judgment here, and it attaches to its motion a certified copy of the prior complaint and judgment.

That suit was brought against Paul Temple and Gordon Knoblich, doing business as the Sullivan Box Factory, a partnership, and Sullivan Industries, Inc., a corporation. The complaint alleges that Temple and Knoblich, doing business as the Sullivan Box Factory, executed and delivered to the Smaller War Plants Corporation (predecessor to the R. F. C.) three notes dated April 28, 1945, October 26, 1945, and March 22, 1946, which are in part unpaid, and asks judgment on the notes. A default judgment was entered for $38,430.65.

In the present complaint, the first two Counts allege that in 1945 and 1946 the Smaller War Plants Corporation made loans of $26,000 and $75,000 (in round figures) to the Sullivan Box Factory, a partnership in which Temple was a partner, which loans were made on the basis of false representations; double damages are asked under the False Claims Act. Count III under Title 41 U.S.C.A. § 119 alleges that a false claim was presented by Temple, or the Republic Box Co. of which he was a partner, to the War Department, and paid by it. Count IV re-alleges the above transactions and apparently seeks to recover in contract; Count V also re-alleges and seeks to recover in a common law action for fraud and deceit.

■ The parties in their briefs agree that the loans set forth in the first complaint are the same transactions as those on which the present complaint is based. Since this is the case, the prior judgment quite apparently bars recovery on Count IV here. Although that Count is somewhat unclear, it must be read as one to recover on the basis of a promise to re-

pay the loans specified in Counts I and II, and it accordingly duplicates the earlier complaint.

■■ Count V, however, is in a better position. Since it is an action in tort, Chanin v. Chevrolet Motor Co., 7 Cir., 1937, 89 F.2d 889, 111 A.L.R. 1235, it may be pursued in spite of a prior judgment in a contract action, since the two remedies are not inconsistent but are both based on an affirmation of the contract. Johnston v. Shockey, 1929, 335 Ill. 363, 167 N.E. 54; 28 C.J.S., Election of Remedies, § 1 et seq., p. 1057 et seq. The same reasoning applies to the statutory remedies asserted by Counts I, II and III. Since fraud is the essential ingredient under the statutes, and since recovery is sought for damages resulting from it, the remedies parallel the common law action for deceit rather than one in contract on the debt. The question of whether or not the Government will be required to elect between its statutory and common law remedies for fraud is not at this time before the court, since the Government is entitled to plead alternatively and inconsistently, Fed.Rules Civ.Proc. rules 8(a) (3) and 8(e) (2), 28 U.S.C.

■■ Although these Counts are accordingly not barred by the doctrine of res judicata, the Government is mistaken in assuming that the prior decree requires or warrants a summary judgment here. The former action was solely to recover for unpaid loans; fraud was not alleged or mentioned. Here fraud is the gist of Counts I, II, III and V; since that issue was not adjudicated in the prior suit, it remains untouched and undetermined. See discussion in United States v. Silliman, 3 Cir., 1948, 167 F.2d 607, certiorari denied 1948, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379. As for Count III, not only is it based on fraud, but it could not possibly have been included in the previous action, since it alleges the payment to Temple of money by the government on a claim rather than a loan. Further, the Republic Box Co., the chief actor in that transaction, was not a defendant in the former suit.

Summary judgment will be entered for the defendant on Count IV of the complaint on the grounds that it is barred as having been formerly adjudicated.

The plaintiff's motion for a summary judgment is denied.