**UNITED STATES of America and Export-Import Bank of Washington, Plaintiffs,**

v.

**JEFFERSON TRUST AND SAVINGS BANK, Defendant.**

**Civ. A. No. P-2258.**

United States District Court
S. D. Illinois, N. D.

Sept. 5, 1962.

Edward R. Phelps, U. S. Atty., Springfield, Ill., Louis S. Paige, Trial Atty.;

Dept. of Justice, Washington, D. C., for plaintiffs.

Harry E. Witherell, Davis, Morgan & Witherell, Peoria, Ill., for defendant.

MERCER, Chief Judge.

Plaintiffs, the United States of America and the Export-Import Bank of Washington, filed this suit for damages against the defendant, Jefferson Trust and Savings Bank. The cause is before the court upon defendant's motion for summary judgment.

The suit arises out of a loan made by the Export-Import Bank, hereinafter for convenience referred to as Export, to the Cotes de Fer Corporation, upon which Cotes later defaulted. The theory of the action stated in the complaint is that the defendant wilfully misled Export as to the amount of moneys on deposit with defendant in favor of Cotes at the time when Cotes applied for the loan from Export. An alternative count of the complaint alleges that Export was misled, in the same particular, by the negligence of the defendant.

The complaint alleges that on January 4, 1952, defendant ostensibly loaned Cotes $50,000.00, which was credited by the defendant to the account of Cotes at the defendant bank. It is further alleged, however, that, contemporaneously with that ostensible loan, Cotes gave the defendant a pledge of all its credits and accounts on deposit with the defendant bank to secure the ostensible loan, pursuant to which the defendant blocked and restricted the Cotes account, making it unavailable to Cotes. On the same date, it is alleged, the defendant issued a letter to Export over the signature of defendant's Assistant Vice President, certifying that there was then on deposit to the credit of Cotes in the defendant bank funds slightly in excess of $50,000.00, whereas, in fact there were no funds then on deposit with the defendant to the credit of Cotes which were available to Cotes, or susceptible to levy by Export or any third party. The crux of the complaint is the allegation that Export, in reliance upon the defendant's January 4, 1952, certification of the fact and amount of the Cotes account, approved and completed the loan which is now in default, as a result of which Export sustained damages equal to the unpaid balance of the loan in the amount of $31,921.60.

On January 12, 1960, defendant filed a request, pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C., requesting plaintiffs to admit the genuineness of a letter attached thereto, and requesting that plaintiffs admit, in substance, that Export, in connection with the loan to Cotes, considered the financial position of Cotes to be insufficient to support the loan application, that the primary reason for making the loan to Cotes was the issuance by the Defense Production Administration of its certificate of essentiality in support of the loan application, and that Export, in making the loan to Cotes, did not materially rely upon any representation as to the financial standing of the corporation and did not materially rely upon the letter of January 4, 1952 from defendant to Export.

Allan Briggs, Council for Export, filed an affidavit in response to that request, *inter alia,* admitting the genuineness of the letter. His purported response to defendant's requests for admissions was held by this court to be insufficient to comply with the requirements of the Rule. Plaintiffs were then ordered to respond to defendant's requests for admissions.

A supplemental affidavit of Mr. Briggs was filed on May 2, 1960, in purported compliance with the requirements of the Rule and the order of this court. Defendant's pending motion is predicated thereupon.

Defendant contends that the supplemental affidavit of Briggs is an insufficient and equivocal response to defend-

ant's requests for admissions, that the facts set forth in the request for admissions are, therefore, admitted by the plaintiffs, that plaintiffs thus admit that there was no material reliance upon the defendant's letter of January 4, 1952, and that defendant is entitled to judgment in its favor.

In their response to defendant's motion, plaintiffs concede that there must have been material reliance by Export upon the representations of defendant's letter before plaintiffs can prevail in their cause of action and that, if plaintiffs have failed to comply with Rule 36, then defendant's requests for admissions should be deemed "admitted *pro tanto*."

In the light of plaintiffs' position, the only issue remaining for the court to decide is the question whether the affidavits of Mr. Briggs constitute a satisfactory response to defendant's requests in compliance with the requirements of Rule 36.

The requirements of Rule 36 are clear. When requests for admissions are served upon a party, each of the facts as to which an admission is requested shall be deemed admitted for the purpose of the litigation in which the request is made, unless, within a specified time, a statement specifically denying the matters of which admission is requested, or objections to the request, shall be served upon the party requesting the admissions. The rule further provides:

"A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall

specify so much of it as is true and deny only the remainder."

The provisions contained in the quoted language are strictly construed and rigidly enforced in this Circuit. Thus, in Princess Pat, Ltd. v. National Carloading Corp., 7 Cir., 223 F.2d 916, the defendant's response to a request for admissions "that it did not possess sufficient information upon which to form a belief of the truth or falsity of such statements", and that defendant neither admitted nor denied them, was treated by the trial court as an admission of the facts contained in the request. Upon appeal, the court affirmed that action by the trial court, holding that the response by the defendant did not fairly meet the substance of the requested admissions and could not be construed as a good faith qualification in a negative answer. In view of the above-quoted provision of Rule 36, the court said that there was "no persuasive reason why the court below was forced to tolerate defendant's straddling statements sponsored as a reply to paragraphs 22 and 23 of plaintiff's request for admissions." 223 F.2d at 920.

I think it necessary to hold that the two affidavits of Mr. Briggs, considered together, do not constitute an effective and proper response to defendant's requests for admissions. At the outset, a letter attached to the request, the genuineness of which is admitted, contains a statement by Mr. Briggs that a poll of the staff of his office indicated that there was no material reliance upon defendant's letter of January 4, 1952, in the approval of the Cotes loan application.[1]

---

1. That letter from Mr. Briggs was addressed to Assistant Attorney General George Cochran Doub under date of April 21, 1959. The body of that letter, including salutation and signature, follows:

"Dear Sir:

"Reference is made to your letter of April 14, 1959, discussing the propriety of suit against the Jefferson Bank of

Peoria, Illinois, to recover damages for fraud in giving a certificate to the effect that Cotes de Fer Corporation carried a balance with the said bank with the knowledge that the certificate was false and was to be used to obtain credit from Export-Import Bank of Washington.

"You state that your opinion as to liability is on the assumption that the certificate was a 'material' consideration for

In addition to admitting the genuineness of that letter, the original affidavit of Mr. Briggs admits the fact statement of defendant's first request that "the financial position of Cotes de Fer Corporation was considered by Export-Import Bank of Washington to be insufficient to support the credit requested by Cotes de Fer Corporation." [2]

In addition to that first request, the defendant's requests for admissions were the following:

"2. The primary reason for the extension of the line of credit by Export-Import Bank of Washington to Cotes de Fer Corporation as alleged in the complaint herein was the issuance by Defense Production Administration of its Certificate of Essentiality in connection with the requested line of credit pursuant to Section 302, Defense Production Act of 1950, [50 U.S.C.A.Appendix §

2092] and the provisions of Executive Order No. 10281 issued August 28, 1951.

"3. In extending to Cotes de Fer Corporation a line of credit as alleged in the complaint herein Plaintiff Export-Import Bank of Washington did not materially rely upon any representation as to the financial standing of Cotes de Fer Corporation.

"4. In extending to Cotes de Fer Corporation a line of credit as alleged in the complaint herein, Plaintiff Export-Import Bank of Washington did not materially rely upon the letter from Defendant Jefferson Trust & Savings Bank of Peoria set forth in paragraph 5 of the complaint herein or upon any statement therein made."

Upon defendant's motion, after the first affidavit of Mr. Briggs had been

the extension of credit by this Bank and ask for our views with respect to the materiality of the certificate. Unfortunately for our claim, the financial position of Cotes de Fer Corporation was considered by the staff of this Bank to be insufficient to support the credit requested. Accordingly, it was chiefly because of the guaranty of the Defence (sic) Production Board that the credit was extended. A poll of the staff who took part in negotiating the loan on behalf of the Bank disclosed that none can testify that he materially relied upon any of the representations as to the financial standing of Cotes de Fer Corporation. Thus, if 'materiality' is defined as 'really significant' or 'moving consideration,' it will be most difficult to prove.

"Very truly yours,
"Allan Briggs
Counsel"

2. That affidavit, omitting the heading, is in words and figures as follows:
"AFFIDAVIT OF ALLAN BRIGGS IN ANSWER TO REQUEST FOR ADMISSIONS

"DISTRICT OF COLUMBIA } SS

"Allan Briggs, being duly sworn, says that he is Counsel for Export-Import

Bank of Washington, one of the above-named plaintiffs, and is familiar with the facts which are the subject of the questions submitted by defendant in its request dated January 8, 1960, and makes answer as follows:

"A. The letter of April 21, 1959, addressed to George Cochran Doub by Allan Briggs is genuine.

"B. With respect to request for admission numbered 1, the financial position of Cotes de Fer Corporation, absent the certification of Defense Production Administration, was considered inadequate to support the credit.

"C. With respect to request for admission numbered 2, there cannot be said to be any 'primary' reason for the extension of the line of credit. The financial condition of Cotes de Fer as well as the certificate of Defense Production Administration was a factor.

"D. With respect to request for admission numbered 3, the answer is, 'No'.

"E. With respect to request for admission numbered 4, the answer is, 'No.'

"s/ Allan Briggs
"Allan Briggs"

Notarized by Edward S. Conger, N. P.

filed, this court held that the response to the request for admissions was insufficient and plaintiff was ordered to file a responsive reply. The supplemental affidavit of Mr. Briggs was thereafter filed. That affidavit, which is set forth in full in the margin,[3] commences with an equivocal statement that the letter, the genuineness of which had been admitted, was a privileged communication, and that a reexamination of the files discloses that the fact that Cotes had money deposits in defendant bank and the fact that a confirmation of an account balance from the defendant would be supplied had been mentioned in a memorandum to the Board of Directors of Export, dated December 27, 1951.

In the second paragraph of the affidavit Mr. Briggs again admits that the corporation's loan application would not have been approved without defense production authority certification, but, "it

is equally true that had the falsity of the statement of Cotes de Fer been known its application would have been denied, certification or no."

The final substantive paragraph of the affidavit sets forth the affiant's duty as attorney for Export to prepare the credit agreement with Cotes, and concludes with the statement, "absent the letter from defendant confirming the account of Cotes de Fer, it can be positively stated that the agreement would not have been executed."

Plaintiffs suggest in their brief in opposition to defendant's motion for summary judgment that plaintiffs will object to the admission in evidence of the letter from Mr. Briggs to the Justice Department, suggesting the ground of attorney-client privilege. The court is not, however, concerned at this time with the admissibility of that letter in evi-

---

3. The affidavit, omitting the heading, is in words and figures as follows:

"SUPPLEMENTAL AFFIDAVIT OF ALLAN BRIGGS

"Allan Briggs, being duly sworn, says that he is Counsel for Export-Import Bank of Washington, one of the above-named plaintiffs; that he has been informed that answers submitted in his affidavit of January 15, 1960, responding to the request for admissions are considered inadequate and that further clarification has been directed by the court; and in response to the directions of the court makes further answers as follows:

"The letter of April 25, 1959, addressed to George Cochran Doub was in effect a communication between attorney and client. The comment was directed to the poll of the staff who had made the recommendation to the Directors of the Bank. A re-examination of the files discloses, however, that in the Memorandum to the Board, dated December 27, 1951 (copy attached marked Exhibit "A"), it was specifically stated by the Staff Committee that Cotes de Fer carried a balance of some $50,000.00 with defendant bank. The memorandum further says that a confirmation of this fact would be supplied by defendant.

"Affiant states that while the financial standing of Cotes de Fer was such that the Directors of the Bank would not grant the credit without Defense Production Authority certification, it is equally true that had the falsity of the statement of Cotes de Fer been known its application would have been denied, certification or no.

"Affiant further states that as an attorney for Export-Import Bank, it was his duty to prepare the Credit Agreement with Cotes de Fer and to ascertain that the conditions in the recommendation to the Directors were complied with before permitting the execution of the Agreement by the officers of the Bank or any disbursement under the credit. The delivery of defendant's letter of January 4, 1952, (copy attached marked Exhibit "B") was a condition precedent. Absent the letter from defendant confirming the account of Cotes de Fer, it can be positively stated that the Agreement would not have been executed."

"s/ Allan Briggs

"Allan Briggs"

Notarized by Edward S. Conger, N. P. Exhibits attached to the affidavit are omitted.

dence. The fact is, the letter does exist and is admitted by plaintiffs to be genuine. Statements contained in that letter expressly contradict statements by the same author contained in his affidavits in response to the request for admissions.

There either was reliance by Export upon the financial condition of Cotes de Fer or there was not. There either was reliance upon the defendant's letter or there was not. Rule 36 required the plaintiffs, in response to defendant's requests as to those facts, to admit the facts, or deny the facts, or state a qualified denial which would fairly meet the substance of the requests. After due deliberation upon the contents of the Briggs affidavits, and the facts appearing of record, it is my opinion that the equivocal response contained in those affidavits is, upon its face, an evasion of the requests, and not either a denial, or a good faith qualified denial of the facts stated in the requests.

The Briggs letter to the Department of Justice is material only because that letter serves to emphasize the evasive character of the response which is apparent upon the face of the affidavits.

I hold that the plaintiffs' failure to comply with the Rule be construed as an admission of each and every of the material facts contained in defendant's requests for admissions. Among those material facts, is the admission that there was no material reliance by Export upon the representation made by defendant to Export in defendant's letter of January 4, 1952. In the light of that admission, plaintiffs' cause of action must fall. E. g., Johnston v. Schockey, 335 Ill. 363, 366, 167 N.E. 54.

Consistently with the views hereinabove expressed, defendant's motion for summary judgment is granted. Judgment will be entered in favor of defendant and against the plaintiffs dismissing the complaint.