**UNITED STATES v. WEAVER et al.**
No. 14476.

United States Court of Appeals
Fifth Circuit.
Nov. 18, 1953.

Melvin Richter, Atty. Dept. of Justice, Paul A. Sweeney, Atty. Dept. of Justice, Washington, D. C., John D. Hill, U. S. Atty., Birmingham, Ala., Frank M. Johnson, Jr., U. S. Atty., Jasper, Ala., Warren E. Burger, Asst. Atty. Gen., William L. Hogue, Asst. U. S. Atty., Birmingham, Ala., Herman Marcuse, Marvin C. Taylor, Attorneys, Department of Justice, Washington, D. C., of counsel, for appellant.

Manuel Levine, Birmingham, Ala., C. B. Snow, George H. Butler, Jackson, Miss., George J. Thornton, Kosciusko, Miss., Junior O'Mara, Jackson, Miss., Butler, Snow & O'Mara, Jackson, Miss., of counsel, for appellees.

Before HOLMES and RIVES, Circuit Judges, and KENNAMER, District Judge.

HOLMES, Circuit Judge.

This is an action by the United States to recover from the defendants the total sum of $10,000, or $2,000 for each of five separate fraudulent acts allegedly committed by the defendants in obtaining surplus property of the United States. In an opinion reported in 107 F.Supp. 963, the district court upheld the contention that the claim of the United States was barred by the five-years statute of limitations. 28 U.S.C. § 2462. The court ruled further that the claim was not within the war-time suspension of limitations provided by section 28 of the Surplus Property Act, 58 Stat. 781.[1]

For the purposes of this appeal, the following facts must be admitted: In September, 1946, the War Assets Administration, an agency of the United States in Atlanta, Georgia, pursuant to the Surplus Property Act of 1944, as amended, conducted sales of certain surplus property of the government, consisting of new and used motor vehicles, which were available for purchase exclusively by duly certified veterans of World War II who certified that the vehicles sought to be purchased were for their own personal use or for the maintenance of their established businesses, professions, or agricultural activities. It must further be admitted, under the present state of the pleadings, that the defendants used or engaged in fraudulent tricks and schemes, in connection with said sales, and conspired among themselves and with certain of said veterans to acquire said property at said sales; that pursuant to the aforesaid conspiracy, the defendants purchased from said veterans five "certifications for veterans' preference," above referred to, which had been issued to said veterans by said Administration; and that, by fraudulent use thereof, the defendants obtained five motor vehicles and titles of ownership to the same, in separate and several acts, from said War Assets Administration.

■ This is not a criminal prosecution; it is not a civil action for a penalty; it is a civil action to recover an award of damages of a compensatory nature, payable to the United States for injuries to its property rights. In view of the difficulty of computing exactly the damages suffered by the government, it was within the province of Congress to choose a measure of damages, including a specific sum, that would give full restitution to the United States. The statutory language of Section 26(b) (1) of the Surplus Property Act of 1944, 50 U.S.C.Appendix, § 1635(b),[2] and in particular the selection of measures of damages held by the Supreme Court, United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, to be of a remedial and compensatory nature only shortly before the enactment of the Surplus Property Act, indicate that it was not the legislative intention to impose penal sanctions. The United States is not limited to penal sanctions in order to protect its property rights. Cotton v. United States, 11 How. 229, 232, 13 L.Ed. 675.

■■ Every law must have its sanction, that is, its means of enforcement, or it will be nothing more than a precept or working rule. Without such sanction

---

1. Now 1948 Revision 19 U.S.C.A. § 3287.

2. Now 40 U.S.C.A. § 489.

it can hardly be called a law. Sanctions are of two kinds: those that redress civil injuries and those that punish crimes. The first are called civil sanctions, the second, penal sanctions. Commissioners' Court of Nolan County v. Beall, 98 Tex. 104, 81 S.W. 526, 528. We agree with the court below that the complaint herein, seeking to impose a civil sanction, stamps this action as remedial, not criminal, in nature, 107 F.Supp. 963, 966; but we reach a different conclusion from that reached by it with reference to the arbitrary sum of $2000 being intrinsically a provision for penalty and within the statute that limits the time for commencing actions for the enforcement of penalties. 28 U.S.C. § 2462. We cannot say that the amount fixed by statute will do more than afford the government complete indemnity for the injury done it by each of said acts of the defendants.

The intent and purpose of the Surplus Property Act of 1944, 58 Stat. 756, were to facilitate and regulate the orderly disposal of surplus property of the United States, including the giving of an opportunity to returning veterans to establish themselves in business, agriculture, or professional life. There can be no doubt that the property rights of the United States were injured as a result of the acts alleged in the complaint. Section 26(b) (1) seeks to indemnify the United States for such injuries. It provides for payment to the United States of an amount not so disproportionate to the actual injury that it cannot be deemed wholly compensatory. Cf. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443.

■■ The general rule is that statutes of limitations ordinarily do not run against the United States. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 351, 60 S.Ct. 285, 84 L.Ed. 313; Guaranty Trust Co. of New York v. United States, 304 U.S. 126, 132, 58 S.Ct. 785, 82 L.Ed. 1224. Thus said section 2462 constitutes an exception to this general rule and is in derogation of an inherent attribute of sovereign immunity. It follows that, since we have been cited to no federal statute that bars this action, and have found none, the judgment appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109; Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

Reversed.