UNITED STATES of America,
Plaintiff,

v.

Fred GLASER, Defendant.

Civ. A. No. 977-54.

United States District Court
D. New Jersey.

Sept. 22, 1955.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., (by) A. Sherburne Hart, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Charles A. Stanziale, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action under Section 26(b) of the Surplus Property Act of 1944, 50 U.S.C.A.Appendix, § 1635(b).[1] The complaint alleges that the defendant, pursuant to an unlawful conspiracy to which he and others were parties, purchased and obtained from the War Assets Administration by fraud and trickery certain automotive equipment particularly described in subdivisions (a) and (h) of paragraph 6 of the complaint. The defendant filed an answer in which he interposed as a defense the bar of the statute of limitations.

The action is before the Court at this time on the motion of the defendant for judgment on the pleadings. The narrow question raised by the motion is not free from doubt.

The pertinent provisions of the Act under which the action was brought, supra, reads as follows:

"Every person who shall use or engage in * * * any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, * * * for any person any * * * property, * * * from the United States or any Government agency in connection with the disposition of property under this Act; or who enters into an agreement, combination, or conspiracy to do any of the foregoing—

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the costs of suit".

The defendant contends that the right of the plaintiff to maintain the action is barred by Section 2462 of Title 28 U.S.C., 28 U.S.C.A. § 2462, which reads as follows:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil * * * penalty, * * * pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

The character of the defendant's liability under the Surplus Property Act, supra, is determinative of the applicability of the statute of limitations. If, as the defendant argues, the liability is penal, the defendant is entitled to prevail. It has been held, however, that the statutory liability is not penal. United States v. Weaver, 5 Cir., 207 F.2d 796, contra United States v. Witherspoon, 6 Cir., 211 F.2d 858. We are inclined to adopt the decision of the Court in the Weaver case.

It was stated in the Weaver case, 207 F.2d at page 797: "This is not a criminal prosecution; it is not a civil action for a penalty; it is a civil action to recover an award of damages of a compensatory nature, payable to the United States for injuries to its property rights. In view of the difficulty of computing exactly the damages suffered by the government, it was within the province of Congress to choose a measure of damages, including a specific sum, that would give full restitution to the United States. The statutory language of Section 26(b) (1) of the Surplus Property Act of 1944, 50 U.S.C.Appendix, § 1635(b), and in particular the selection of measures of damages held by the Supreme Court, United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, to be of a remedial and compensatory nature only shortly before the enactment of the Surplus Property Act, indicate that it was not the legislative intention to impose penal sanctions."

The motion for judgment is denied. The attorney for the plaintiff shall, upon notice to the defendant, submit the proper order.

1. Federal Property and Administrative Services Act of 1949, 40 U.S.C.A. § 489(b).