George T. GOGGIN, Trustee in Bankruptcy in The Matter of Eugene C. Brisbane, Bankrupt, and Brisbane & Company, a Limited Partnership, Bankrupt.

v.

The UNITED STATES.

No. 49224.

United States Court of Claims.

May 1, 1956.

I. H. Wachtel, New York City, for plaintiff.

Francis X. Daly, Washington, D. C., with whom was Acting Asst. Atty. Gen. Geo. S. Leonard, for defendant. Francis J. Robinson, Arlington, Va., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues as the trustee in bankruptcy of Brisbane & Company, a limited partnership. The subject of the suit is certain termination claims arising out of a contract which Brisbane & Company, hereinafter called Brisbane, had with the United States Maritime Commission, for the manufacture of 16 shipsets of pontoon hatch covers. The contract was terminated, before completion, for the convenience of the Government.

The Government in its answer alleges that Brisbane in its termination claims fraudulently included as alleged costs incurred in the performance of the contract items which had no relation to the contract. It says that because of this fraud, the claims are forfeited, pursuant to 28 U.S.C. § 2514, the general statute forfeiting claims against the United States where fraud is practiced or attempted in their proof, statement, establishment or allowance, and pursuant to 41 U.S.C.A. § 119, which is Section 19 of the Contract Settlement Act of 1944 and provides for certain forfeitures for fraud in connection with the termination or settlement of contracts.

The Government's answer also includes counterclaims demanding judgment for $2,000 for each fraudulent representation contained in the claims, and for an amount equal to 25 percent of the amount sought to be obtained by the false claims. The counterclaims are also based upon the provisions of 41 U.S.C.A. § 119.

■ The plaintiff has moved for a summary judgment striking the Government's defense of forfeiture, and dismissing the Government's counterclaims. We consider first the question of the asserted forfeitures. The forfeiture provision of the Contract Settlement Act, 41 U.S.C.A. § 119 is not applicable. It says that one who practices fraud

"shall forfeit and refund any such benefit, payment, compensation, allowance, loan, advance, and emolument received as a result thereof * * *."

Brisbane received nothing as a result of the alleged fraud.

■ The plaintiff says that the general forfeiture statute, 28 U.S.C. § 2514, should not be applied because this suit is not a suit by the perpetrator of the fraud, but is a suit by a trustee in bankruptcy, for the benefit of the bankrupt's creditors. He suggests that the case is analogous to our case of Arlington Trust Co. v. United States, 100 F.Supp. 817, 121 Ct. Cl. 32, where we held that the claim of an assignee under the Assignment of Claims Act would not be forfeited. There is some equity in the plaintiff's argument. It is a misfortune for the creditors to be deprived of a valuable asset because the bankrupt attempted to defraud the Government. But this court in Jerman v. United States, 96 Ct.Cl. 540, held that the forfeiture statute applied

against a receiver, appointed by a state court to conserve and liquidate the assets of an insolvent. The court said that the statute would also apply against a trustee in bankruptcy, and we think it must. He is not a purchaser for value. His rights are derivative, and are not superior to those of the bankrupt.

In connection with the problem of the general forfeiture statute, 28 U.S.C. § 2514, there is an interesting variation from the normal in this case. When the Government terminated the contract, for its convenience, Brisbane had on hand raw material, work in process and jigs which, the plaintiff says, had cost it some $32,000. Under the contract, it was obliged to turn these things over to the Government, if the Government demanded them. Normally, when the Government does so demand, the contractor's termination claim is increased by the amount of their cost, or by the amount which they would have been worth to the contractor if he had been allowed to keep them.

The plaintiff says that at the time the Government demanded the turning over of these things from Brisbane, it already knew it was going to forfeit the termination claim for fraud, or at least knew the facts upon which it now bases the forfeiture. The plaintiff says the Government should be barred by the doctrines of estoppel and waiver from asserting a forfeiture of the value of goods which, when it took them, purportedly under a contract which would require it to pay for them, it knew or should have known that it would never pay for them. We are inclined to agree with the plaintiff, and will consider this question further when the evidence is in. With this qualification, we hold that the general forfeiture provision of 28 U.S.C. § 2514 will be applicable if fraud is proved.

As to the Government's counterclaims for the $2,000 payments for each fraudulent act, and the payment of 25 percent of the amount fraudulently claimed, the plaintiff urges several reasons why these counterclaims should be dismissed.

We will discuss the principal ones of these asserted reasons.

■ The plaintiff points to 28 U.S.C. § 2462, which provides that

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued * * *."

We have held that the limitation period prescribed in the False Claims Act, 31 U.S.C.A. § 235, is applicable to a counterclaim. Dugan & McNamara, Inc., v. United States, 127 F.Supp. 801, 130 Ct. Cl. 603; Id., 124 F.Supp. 650, 130 Ct.Cl. 609, 612. But the Supreme Court of the United States has held that Section 26 of the Surplus Property Act of 1944, 58 Stat. 765, 780, 50 U.S.C.A.Appendix, § 1635, in all material respects comparable with that contained in the Contract Settlement Act, 41 U.S.C.A. § 119, is not a provision for a penalty but for liquidated damages, and is, therefore, not subject to the limitation provision of 28 U.S.C. § 2462, quoted above. Rex Trailer Co., Inc., v. United States, 350 U.S. 148, 76 S.Ct. 219. See also United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S. Ct. 379, 87 L.Ed. 443.

■ The plaintiff points to Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93. Subdivision j of the section says:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, * * *."

The plaintiff urges that the subjects of the Government's counterclaims are covered by this statute and that, since they could not be allowed in the bankruptcy court, they cannot be used as a counterclaim in this suit to deplete an asset sought to be recovered by the trustee.

The Government, of course, urges that the Rex Trailer case, supra, makes this statutory provision inapplicable to its counterclaims. We have grave doubts, but our conclusion is that the plaintiff's contention is correct. When Congress, in the statute just quoted, drew a distinction between a penalty or forfeiture, on the one hand, and the pecuniary loss sustained, on the other, we think it meant that an arbitrarily set amount, even if it could be reasonably regarded as liquidated damages, should not be put in competition with the claims of the ordinary creditors of the bankrupt. So far as concerns this section of the statute, we think the Government can assert its counterclaims only to the extent that it can prove pecuniary loss. See In re Abramson, 2 Cir., 210 F. 878.

In the plaintiff's reply brief, he raises the question of whether the Government is barred from asserting its counterclaims because it did not file them timely, or at all, in the bankruptcy proceeding. See 11 U.S.C.A. § 93, sub. n. The question is inadequately briefed by the plaintiff, and the Government has had no opportunity to discuss it. We do not decide the question.

The plaintiff's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and LITTLETON, Judge, concur.

WHITAKER, Judge (dissenting).

In Rex Trailer Co., Inc., v. United States, 350 U.S. 148, 76 S.Ct. 219, the Supreme Court held that the amounts recoverable under a statute similar to the False Claims Act, supra, were recoverable not as a penalty but as damages, the amount of which had been predetermined. Hence, the amount claimed does not come within the terms of section 57 of the Bankruptcy Act, supra, which speaks only of amounts due "as a penalty or forfeiture."

Or if the amount the United States is entitled to recover be a penalty or forfeiture it is still recoverable to the extent of the pecuniary loss sustained. That pecuniary loss has already been determined; it is the amount stated in the Act.

So, taking either road, we come out at the same place: The defendant is entitled to recover the amounts set out in the Act.

On the question of whether the Government was entitled to demand from the contractor the raw material and unfinished goods on hand when it knew it would forfeit the contractor's claim for their value, I should like to reserve opinion until I know all the facts.

I dissent for the foregoing reasons.

LARAMORE, Judge, joins in the foregoing dissent.