**CANNED FOODS, Inc.**
v.
**The UNITED STATES.**
No. 354–55.

United States Court of Claims.
July 12, 1956.

James N. Johnson, Milwaukee, Wis., for plaintiff. James D. Porter and Norman H. Quale, Milwaukee, Wis., were on the briefs.

Stanley M. Levy, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff, a Wisconsin corporation, made a contract with the Army, dated August 11, 1949, to furnish 46,820 dozen cans of peas, of which 39,106 dozen were to be delivered to Schenectady, New York, and 7,714 dozen were to be delivered to Ogden, Utah. By September 30, 1949, the plaintiff had made the Schenectady shipments, and by September 23, had made the Utah shipments. During October the Army paid the plaintiff $59,599.92 which was the contract price of the Schenectady shipments, less certain deductions. The contract price of the Utah shipments, $12,238.26, has not been paid, nor have the deductions on the Schenectady shipments, amounting to $2,006.39, been paid. The plaintiff sues for $14,244.65, the sum of the two amounts above stated.

The Government, in its counterclaim, says that the invitation for bids for the contract and subsequent contract documents specified that the peas to be furnished were to be from the 1949 pack; that the plaintiff when it submitted its bid knew that it could not furnish the peas from that pack; that the plaintiff certified to the Department of Agriculture that they were from that pack; but that in fact they were in part from the 1947 and 1948 packs. The Government says that the plaintiff, for the purpose of obtaining the payment or approval of claims under the contract, made 12 vendor's shipping documents, each in triplicate and each containing a certification that "all conditions of purchase applicable to the transaction have been complied with." It says that the plaintiff knew that these certifications were false.

The Government says that the plaintiff's submission of its bid, its execution of the contract, its certification to the Department of Agriculture and its certifications on the vendor's shipping documents all were in violation of the False Claims Act, 31 U.S.C.A. § 231. It asks for judgment on its counterclaim in the amount of $2,000 for each of the fraudulent claims made and for double the amount of damages sustained by the United States by reason of the plaintiff's actions.

The False Claims Act says that any person who knowingly presents a false document for the purpose of obtaining payment of a claim against the United States shall forfeit and pay $2,000 to the United States, plus double the amount of damages which the United States may have sustained, 31 U.S.C.A. § 231. The Act, in section 235 of 31 U.S.C.A. says:

"Every such suit shall be commenced within six years from the commission of the act, and not afterward."

The plaintiff says that the Government's counterclaim, which is based upon the False Claims Act, is barred by the statute of limitations. The last of the allegedly false documents made by the plaintiff was received by the Government not later than October 5, 1949, and the Government's counterclaim was not filed until December 2, 1955.

In Dugan & McNamara, Inc., v. United States, 127 F.Supp. 801, 130 Ct. Cl. 603, 612, this court held that the period of limitation stated in 31 U.S.C.A. § 235 was applicable not only to a suit based upon the False Claims Act but also to a counterclaim so based. The Government does not, for the purposes

of this case at least, object to that doctrine, but says that, since its right under the False Claims Act had not been barred at the time the plaintiff filed its petition on September 21, 1955, it never became barred because the statute was tolled by the filing of the plaintiff's petition. It says that this is true of a counterclaim which arises out of the same transaction as the one involved in the petition to which the counterclaim is addressed.

■ The Government's counterclaim does arise, *in fact*, out of the same transaction or occurrence on which the plaintiff's suit is based, but, according to the highest authority, it does not, *in law*, so arise, as a compulsory counterclaim, within the meaning of Rule 13(b) of the Federal Rules of Civil Procedure nor Rule 17(a) of the Rules of this court, 28 U.S.C.A.

In Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376, Mercoid had been the defendant in a prior suit by the instant defendant for infringement of a patent, and had won the case. Then in another litigation it had filed a counterclaim against the former plaintiff asking for damages under the Antitrust statute for misuse of the patent to the plaintiff's damage. *Res Judicata* was pleaded to the counterclaim and Rule 13(b) was relied on. The Supreme Court said, 320 U.S. at page 671, 64 S.Ct. at page 274:

> "That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, does not mean that the failure to do so renders the prior judgment *res judicata* as respects it."

See Switzer Bros., Inc. v. Locklin, 7 Cir., 207 F.2d 483.

We see no essential distinction between our problem and that of Mercoid.

The Government's counterclaim, based upon the False Claims Act, is "a separate statutory cause of action". If it did not have to be asserted in the plaintiff's suit, but could have been prosecuted in a separate cause of action in a United States District Court, the rule calling for the tolling of the statute of limitations, upon the filing of the plaintiff's suit, is not applicable. As to whether, in the case of a true compulsory counterclaim, the statute of limitations would be tolled, we need not decide.

■ We think that there is a merit in another of plaintiff's grounds for the dismissal of the Government's counterclaim. It says that the limitation stated in the False Claims Act is one that, when it expires, bars not only the remedy but the right, and therefore cannot be tolled. In United States v. Borin, 5 Cir., 209 F.2d 145, the court so held, against an assertion by the Government that it had not discovered the falsity of the claim until after the six-year period had expired. The Borin case relied in turn upon A. J. Phillips Co. v. Grand Trunk Western Railway Co., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774. See also The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, and Midstate Horticultural Co. v. Pennsylvania Railroad Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96.

Cases involving Federal statutes which have been so interpreted are collected in Judge Yankwich's opinion in Adams v. Albany, D.C.S.D.Cal., 80 F.Supp. 876, 880.

The plaintiff's motion for a rehearing is granted. The plaintiff may have a summary judgment dismissing the Government's counterclaim. The opinion and dissenting opinion of May 1, 1956, are vacated and this opinion is substituted in their place.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.