**ERIE BASIN METAL PRODUCTS, Inc.,**
v.
**The UNITED STATES.**
No. 50271.

United States Court of Claims.
April 3, 1957.

562

Robert J. Corber, Washington, D. C., Donald O. Lincoln and Steptoe & Johnson, Washington, D. C., on the briefs, for plaintiff.

Julian R. Wilheim, Washington, D. C., with whom was George Cochran Doub, Jr., Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is again before us, this time on defendant's motion to reconsider our order and opinion of November 7, 1956, sustaining in part and denying in part plaintiff's motion to dismiss defendant's fifth, sixth, and seventh counterclaims, because barred by the statute of limitations.

Upon reconsideration thereof, we have come to the conclusion that the former opinion and order should be withdrawn and the following substituted therefor.

Plaintiff sues under the Contract Settlement Act, 58 Stat. 649, 41 U.S.C.A. § 101 et seq., for its allowable costs incident to the termination of certain contracts it had with the defendant.

In its fifth counterclaim defendant says that in the prosecution of its termination claims plaintiff practiced, or attempted to practice, a fraud against the United States; and it also says it did so in connection with the renegotiation of its profits under these contracts. On account of these alleged fraudulent acts, defendant seeks to recover under section 19(c) (1) of the Contract Settlement Act.

In the sixth counterclaim defendant seeks to recover under the False Claims Act, 31 U.S.C.A. § 231 et seq., for the same alleged fraudulent acts set up in the fifth counterclaim.

In the seventh counterclaim it seeks to recover actual damages for the alleged fraud in connection with the termination claims and for a forfeiture of those claims under section 2514 of 28 U.S.C.

As stated, plaintiff's motion to dismiss was on the ground that the coun-

terclaims were barred by the statute of limitations.

The False Claims Act requires the Government to institute its action thereunder within six years from the commission or attempted commission of the alleged fraudulent acts. The Contract Settlement Act contains no limitation on an action brought by the Government under section 19(c) (1) thereof. However, section 2462 of 28 U.S.C. provides:

"*Time for commencing proceedings.*

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

It is upon the limitation of six years set out in the False Claims Act and upon the limitation of five years set out in section 2462 of 28 U.S.C. that plaintiff relies.

All the fraudulent acts in connection with the termination claims are alleged to have been committed between August 22, 1945 and March 21, 1946.

The fraudulent acts in connection with the renegotiation proceedings are alleged to have been committed, with respect to the fiscal year ending in 1943, between May 29, 1944 and November 23, 1945. With respect to the fiscal year ending in 1944, they are alleged to have been committed between June 23, 1945 and October 1, 1954. With respect to the fiscal year ending in 1945, they are alleged to have been committed between August 6, 1945 and December 1, 1954.

Plaintiff's petition was filed on August 13, 1951, but defendant did not file its fifth, sixth and seventh counterclaims until April 9, 1956. Defendant's counterclaims for fraud in connection with the termination claims were filed more than ten years after the fraudulent acts are alleged to have been committed, and are, therefore, barred, unless defendant's contention presently to be mentioned is correct. So also are its claims in connection with the renegotiation proceedings for the fiscal year ending in 1943. Some of the alleged fraudulent acts in connection with renegotiation proceedings for the fiscal years ending in 1944 and 1945 were committed within five years of the filing of the counterclaims, some within six years, and some beyond six years.

For all acts committed within six years of the filing of the counterclaims, defendant would be entitled to recover under the False Claims Act, in any event; and for all acts committed within five years of the filing of the counterclaim, defendant would be entitled to recover under the Contract Settlement Act, in any event.

Defendant, however, says it is entitled to recover for all acts committed within five years, or six years, of the filing of plaintiff's petition, because the filing of the petition tolls the running of the statute of limitations.

■ Since the purpose of statutes of limitations is to prevent the assertion of stale claims, the defense of which has become difficult because of the loss of documents, the fading of memory, and the disappearance of witnesses, the filing by the debtor of a suit against the creditor, on an unrelated cause of action, affords no reason for tolling the statute against the filing of a counterclaim by the creditor. The infirmities of a defense against it are not removed by the filing of an unrelated claim by the debtor. Nor should the debtor be deterred from asserting his claim by the possibility of the assertion of a counterclaim against him, which the statute of limitations presumes he could no longer adequately defend, on account of the lapse of time.

564

This view seems to be supported by a number of the cases discussed in 127 A.L.R. 909 et seq., although in some of them the distinction between a counter-claim on an unrelated cause of action and on one growing out of the same transaction either was not discussed or was rejected.

Most of the cases seem to hold that where the counterclaim grows out of the same transaction on which plaintiff sues, the filing of plaintiff's suit does toll the running of the statute against the counterclaim. The reason for toll-ing the statute in such case is that, if the lapse of time did not prevent plain-tiff from proving its claim, this should not prevent it from defending against the defendant's claim arising from the same transaction. Presumably, the same documents and the same witnesses by which plaintiff hoped to prove its claim were available in defense of the counterclaim.

■ But where this presumption cannot be indulged—where the defense to a counterclaim is by witnesses and documents other than those by which plaintiff attempts to prove its claim—in such case the filing of plaintiff's suit should not, and in our opinion does not, toll the statute against the assertion of defendant's counterclaim.

For the moment, we shall consider that the defendant may assert by coun-terclaim any claim it has for fraud, committed in connection with the ter-mination claims, within five years of the filing of the petition, or six years, with respect to the cause of action un-der the False Claims Act.

On the other hand, the statute is not tolled with respect to claims based on fraud in renegotiation proceedings. What were plaintiff's profits from the performance of the contracts, and whether or not they were excessive, is a different matter from what plaintiff is entitled to recover on account of the termination of its contracts.

If this view of the law is correct, defendant is entitled to recover under the False Claims Act only for those acts of fraud, in connection with the renegotiation proceedings, committed within six years, and to recover under the Contract Settlement Act only for acts committed within five years of the filing of its counterclaim.

However, the rule in England is more restricted. There it is held that mat-ters pleaded by the defendant after the running of the statute of limitations can be availed of only to defeat or re-duce plaintiff's claim, and cannot be made the basis for affirmative relief. See cases discussed in 127 A.L.R. supra. Our Supreme Court took the same view in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.

■ We think this is the rule to be applied in this case. It results that the motion to dismiss the fifth and sixth counterclaims must be granted, except as to all acts of fraud committed with-in six years or five years of the filing of the counterclaim, whether committed in connection with the termination or the renegotiation proceedings.

But, beyond this, we think defendant is barred from setting up, even as a defense, claims under the False Claims Act and under the Contract Settlement Act for all acts committed five or six years before the filing of the counter-claims. We think this, because the right of action given the defendant un-der the False Claims Act was condition-ed on the bringing of an action under it within the six years prescribed. If not brought within that period, the right granted is lost. We so held in Canned Foods, Inc., v. United States, Ct.Cl., 146 F.Supp. 470, on the authori-ty of cases that fully support the hold-ing.

The False Claims Act provides in sec-tion 231 of 31 U.S.C.A. for the penalties for fraud, and then in section 235 it says, "Every such suit shall be com-menced within six years from the com-mission of the act, *and not afterward.*" [Italics ours.] It seems clear that aft-er six years the right, as well as the

remedy, was lost. If so, when defendant's counterclaims were filed, it did not have the right asserted, as to acts committed more than six years before the counterclaim was filed. As to such acts the False Claims Act affords the defendant neither the right to an affirmative judgment, nor a defense to plaintiff's action.

Section 2462 of 28 U.S.C., quoted supra, seems also to extinguish the right, as well as the remedy.

Defendant, however, says that section 2462 does not apply to the demands it asserts under the Contract Settlement Act because this Act does not impose penalties and forfeitures, citing United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, and Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149. In both of these cases the contractors asserted that, since they have been convicted criminally for the frauds perpetrated, they would be placed in double jeopardy if the Government's claim for a money judgment against them should be sustained. That was the only issue before the Supreme Court and the only one it decided. It said that claims under the False Claims Act, in one case, and under the Surplus Property Act, 40 U.S. C.A. § 489, in the other, the fraud section of which is substantially the same as the Contract Settlement Act, were civil and not criminal actions and, hence, the plea of double jeopardy could not be sustained. Section 2462 relates to an action for a *"civil* fine, penalty, or forfeiture." (Italics supplied.) The Supreme Court did not say that the Surplus Property Act and the False Claims Act did not impose *civil* penalties; it merely said they were not criminal penalties.

We think that both Acts imposed penalties to be recovered by the Government in a civil action. The purpose could not have been to save the Government the necessity of proving actual damages for the fraud committed, as in liquidated damages provisions, because the amount of the recovery was double the damages actually sustained. Damages had to be proven. It was the purpose to make the consequences of fraud so great as to deter the commission of it. If fraud was attempted but was not accomplished, in which case there would be no actual damage, except the expense of uncovering the fraud, the penalty was 25 percent of the amount sought to be wrongfully secured. If the fraud was successful, the amount wrongfully secured was to be refunded and, in addition, double the amount of the actual damage was recoverable, plus $2,000 for each fraudulent act.

This was not a provision for liquidated damages—damages had to be proven to recover under the double damages provision. The recovery of simple damages would not have been a penalty, but the recovery of double damages is.

The False Claims Act also provides for double damages, and $2,000 for each fraudulent act.

Sedgwick, in his work on Damages (section 405), lays down this guide for distinguishing between a penalty and liquidated damages:

"Whenever the damages are evidently the subject of calculation and adjustment between the parties and a certain sum was agreed upon and intended as compensation, *and is in fact reasonable in amount*, it will be allowed by the court as liquidated damages." [Italics supplied.]

Simple damages are compensatory; double damages, of necessity, are a penalty.

Section 2462 of 28 U.S.C. provides that "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued * * *."

If this section does not apply to the character of action asserted by defend-

ant in its counterclaims, we can conceive of no action to which it could apply.

The Sixth Circuit Court of Appeals in United States v. Witherspoon, 211 F.2d 858, was of the same opinion, with reference to a similar provision of the Surplus Property Act. The Fifth Circuit ruled to the contrary in United States v. Weaver, 207 F.2d 796.

In Goggin v. United States, Ct.Cl., 140 F.Supp. 557, we said the Supreme Court in the Rex Trailer case, supra, held that a provision of the Surplus Property Act, similar to the pertinent provision of the Contract Settlement Act, was a provision for liquidated damages and not for a penalty, and that it was not subject to the limitation of section 2462; but we did not base our decision on that ground. A re-reading of the Supreme Court's opinion in the Rex Trailer case, supra, convinces us that our statement of the holding in that case went too far. The applicability of section 2462 was not before the court; nor was the question of whether the provision for double damages and $2,000 for each fraudulent act was a provision for a penalty or for liquidated damages. The sole question was whether the provision was civil or criminal in nature. The court said, 350 U.S. at the top of page 153, 76 S.Ct. page 222, that "The Government's recovery here is *comparable* to the recovery under liquidated-damage provisions which fix compensation for anticipated loss"; [Italics supplied] but it did not say it was not a penalty as that word was used in section 2462.

Upon further consideration, we think it was.

■ Defendant is thus relegated to its common law action of fraud, which it asserts in its seventh counterclaim, except as to those acts committed within six years, or five years, of the filing of its counterclaim. There is no limit of time within which the Government must bring a common law action of fraud.

■ The forfeiture provision of section 2514 of 28 U.S.C. is also available to defendant, as a defense against plaintiff's action. If fraud was committed in connection with plaintiff's claims arising from the termination of its contracts, such claims may be forfeited under section 2514 of 28 U.S.C. The limitation of section 2462 applies only to actions instituted by the Government.

Defendant's fifth counterclaim will be dismissed, except as to fraudulent acts committed within five years of the filing of the counterclaim. Its sixth counterclaim will be dismissed, except as to fraudulent acts committed within six years of the filing of the counterclaim. The plaintiff's motion to dismiss the seventh counterclaim is overruled.

It is so ordered.

JONES, Chief Judge, and LARAMORE and LITTLETON, Judges, concur.

MADDEN, Judge (dissenting in part).

I think the court has interpreted too narrowly the effect of the Supreme Court's opinion in Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149. On page 149 of 350 U.S., on page 220 of 76 S.Ct. the court said—

"We granted certiorari, 349 U.S. 937, 75 S.Ct. 784, to resolve an asserted conflict between the decisions of the Courts of Appeals."

In a footnote to the sentence just quoted, the court said:

In considering whether the statute of limitations contained in 28 U.S.C. § 2462, 28 U.S.C.A. § 2462, applied to § 26 (b) (1) of the Surplus Property Act, the Fifth Circuit held § 26 (b) (1) to be a civil remedy in United States v. Weaver, 207 F.2d 796, 797, and the Sixth Circuit held it to be penal in United States v. Witherspoon, 211 F.2d 858.

Neither the Weaver nor the Witherspoon case involved any question of double

jeopardy or of criminal penalties. They involved only the question whether the five year statute of limitations of 28 U.S.C. § 2462 was applicable to suits by the Government to recover the sums provided for in § 26(b) (1) of the Surplus Property Act. Since the provisions of the Contract Settlement Act, and of the False Claims Act, involved in the instant case, are in all respects here relevant like those of the Surplus Property Act, the Supreme Court's decision in Rex Trailer is applicable. I think that decision is that the recoveries provided in § 26(b) (1) of the Surplus Property Act are not criminal and are not penal, and that the 28 U.S.C. § 2462 five year statute of limitations is not applicable.