George T. GOGGIN, Trustee in Bankruptcy in the Matter of Eugene C. Brisbane, Bankrupt, and Brisbane & Company, A Limited Partnership, Bankrupt,

v.

**The UNITED STATES.**

No. 49224.

United States Court of Claims.

May 8, 1957..

I. H. Wachtel, New York City, for plaintiff.

Francis X. Daly, Washington, D. C., with whom was Acting Asst. Atty. Gen.

Geo. S. Leonard, for defendant. Francis J. Robinson, Arlington, Va., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.[1]

The plaintiff sues as the trustee in bankruptcy of Brisbane & Company, a limited partnership. The subject of the suit is certain termination claims arising out of a contract which Brisbane & Company, hereinafter called Brisbane, had with the United States Maritime Commission, for the manufacture of 16 shipsets of pontoon hatch covers. The contract was terminated, before completion, for the convenience of the Government.

The Government in its answer alleges that Brisbane in its termination claims fraudulently included as alleged costs incurred in the performance of the contract items which had no relation to the contract. It says that because of this fraud, the claims are forfeited, pursuant to 28 U.S.C. § 2514, the general statute forfeiting claims against the United States where fraud is practiced or attempted in their proof, statement, establishment or allowance, and pursuant to 41 U.S.C.A. § 119, which is Section 19 of the Contract Settlement Act of 1944 and provides for certain forfeitures for fraud in connection with the termination or settlement of contracts.

The Government's answer also includes counterclaims demanding judgment for $2,000 for each fraudulent representation contained in the claims, and for an amount equal to 25 percent of the amount sought to be obtained by the false claims. The counterclaims are also based upon the provisions of 41 U.S.C.A. § 119.

■ The plaintiff has moved for a summary judgment striking the Government's defense of forfeiture, and dismissing the Government's counterclaims. We consider first the question of the asserted forfeitures. The forfeiture provision of the Contract Settlement Act, 41 U.S.C.A. § 119 is not applicable. It says that one who practices fraud

> "shall forfeit and refund any such benefit, payment, compensation, allowance, loan, advance and emolument received as a result thereof * * * *."

Brisbane received nothing as a result of the alleged fraud.

■ The plaintiff says that the general forfeiture statute, 28 U.S.C. § 2514, should not be applied because this suit is not a suit by the perpetrator of the fraud, but is a suit by a trustee in bankruptcy, for the benefit of the bankrupt's creditors. He suggests that the case is analogous to our case of Arlington Trust Co. v. United States, 100 F.Supp. 817, 121 Ct.Cl. 32, where we held that the claim of an assignee under the Assignment of Claims Act, 31 U.S.C.A. § 203 would not be forfeited. There is some equity in the plaintiff's argument. It is a misfortune for the creditors to be deprived of a valuable asset because the bankrupt attempted to defraud the Government. But this court in Jerman v. United States, 96 Ct.Cl. 540, held that the forfeiture statute applied against a receiver, appointed by a state court to conserve and liquidate the assets of an insolvent. The court said that the statute would also apply against a trustee in bankruptcy, and we think it must. He is not a purchaser for value. His rights are derivative, and are not superior to those of the bankrupt.

In connection with the problem of the general forfeiture statute, 28 U.S.C. § 2514, there is an interesting variation from the normal in this case. When the Government terminated the contract, for its convenience, Brisbane had on hand raw material, work in process and jigs

---

1. On May 1, 1956, 140 F.Supp. 557, the court rendered an opinion denying plaintiff's motion for summary judgment dismissing defendant's counterclaims and striking affirmative defenses. On May 31, 1956, plaintiff filed a motion for rehearing and reconsideration and the case is now before the court pursuant to that motion.

which, the plaintiff says, had cost it some $32,000. Under the contract, it was obliged to turn these things over to the Government, if the Government demanded them. Normally, when the Government does so demand, the contractor's termination claim is increased by the amount of their cost, or by the amount which they would have been worth to the contractor if he had been allowed to keep them.

The plaintiff says that at the time the Government demanded the turning over of these things from Brisbane, it already knew it was going to forfeit the termination claim for fraud, or at least knew the facts upon which it now bases the forfeiture. The plaintiff says the Government should be barred by the doctrines of estoppel and waiver from asserting a forfeiture of the value of goods which, when it took them, purportedly under a contract which would require it to pay for them, it knew or should have known that it would never pay for them. We are inclined to agree with the plaintiff, and will consider this question further when the evidence is in. With this qualification, we hold that the general forfeiture provision of 28 U.S.C. § 2514 will be applicable if fraud is proved.

As to the Government's counterclaims for the $2,000 payments for each fraudulent act, and the payment of 25 percent of the amount fraudulently claimed as provided for in section 19 of the Contract Settlement Act, the plaintiff points to 28 U.S.C. § 2462 as a statute of limitation barring the assertion by the Government of such claims more than five years from the date when the claim first accrued. The Government filed its counterclaims on March 9, 1955, alleging that the plaintiff's bankrupt filed fraudulent termination claims on November 14, 1945, which date is more than five years before the filing of the counterclaim. Section 2462 of 28 U.S.C. provides that

"Except as otherwise provided by an Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture,

pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued  *  *  * ."

It is the position of the Government that the counterclaims herein asserted are not barred by 28 U.S.C. § 2462 because they do not provide for the enforcement of a civil penalty but are for the recovery of liquidated damages. It cites Rex Trailer Company, Inc. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149, and United States v. Weaver, 5 Cir., 207 F.2d 796. In plaintiff's motion for rehearing and reconsideration he contends that if we accept the Government's position that the claims under section 19 are for liquidated damages then such claims are provable and allowable in Bankruptcy Court and must be filed in the time and manner prescribed in the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n. This section states in part:

" *  *  * Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed:  *  * "

Plaintiff says that since the Government did not file its Contract Settlement Act claim in the bankruptcy proceedings within the six month period required by the above quoted excerpt from the Bankruptcy Act, it may not now assert it as a counterclaim because 11 U.S.C.A. § 108, sub. b provides:

" *  *  * A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate and allowable under subdivision (g) of section 93 of this title;  *  *  * "

The Government admits that at the time it filed its counterclaims to plaintiff's suit in this court the claims were no longer provable in bankruptcy proceedings by reason of the time limitation of 11 U.S.C.A. § 93, sub. n, but contends that 11 U.S.C.A. § 108 has application to bankruptcy proceedings only and not to plenary actions brought by the trustee in another court. This presents a very

interesting problem with respect to the interpretation and application of the bankruptcy laws, but one we need not now decide in view of recent decisions of this court.

This court in Erie Basin Metal Products v. United States, Ct.Cl., 150 F. Supp. 561, had occasion to determine the applicability of 28 U.S.C. § 2462 to counterclaims pursuant to section 19 of the Contract Settlement Act. In Erie Basin the court rejected the Government's contention that recoveries under section 19 were in the nature of liquidated damages and held that they were civil penalties subject to the limitation imposed by 28 U.S.C. § 2462.[2] It further held that 28 U.S.C. § 2462 is not only a time limitation upon the bringing of suit, but makes the bringing of the suit within the specified time a condition precedent to the right to sue. Therefore the statute is never tolled by a plaintiff's filing his suit in this court even though the counterclaim is based upon the same transaction. See Canned Foods, Inc. v. United States, Ct.Cl., 146 F.Supp. 470.

Plaintiff's motion for rehearing and reconsideration is granted to the extent that under the authority of Erie Basin, supra, plaintiff is entitled to summary judgment dismissing defendant's counterclaims under section 19 of the Contract Settlement Act, since the date upon which the Government's claims first accrued is more than five years from the filing of the counterclaim herein. Plaintiff's motion for rehearing is denied to the extent that it requests the striking of defendant's affirmative defense of forfeiture under 28 U.S.C.A. § 2514.

The opinion and dissenting opinion of May 1, 1956, are vacated and this opinion is substituted in their place. It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.

2. For the views of the writer of this opinion upon this question, see his dissenting opinion in Erie Basin, supra.