**UNITED STATES of America, Plaintiff,**

v.

**George C. DINERSTEIN, doing business as Associated Electronics Company, Harvey B. Levy, Louis L. Fragala and Technical Research, Inc., Defendants.**

**Civ. No. 20396.**

United States District Court
E. D. New York.
Feb. 10, 1964.

Jerome C. Ditore, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., of counsel), for plaintiff.

Morris K. Siegel, New York City (Vincent J. Crowe, and Siegel & Crowe, New York City, of counsel), for defendant Dinerstein.

Leonard Brodsky, New York City (Liebowitz, Deixel & Brodsky, New York City, of counsel), for defendant Levy.

DOOLING, District Judge.

Plaintiff in 1960 sued a government contractor under Section 19 of the Contract Settlement Act of 1944 (41 U. S.C.A. § 119) alleging that partial and final payments that it had made on certain terminated contracts in 1946 and 1947 resulted from the contractor's presenting invoices and certificates that were false in stating the costs and progress of the work, and resulted from the contractor's concealing from plaintiff the existence of cost records that would have disclosed to plaintiff the true costs. The same facts are realleged as a common law fraud. In separate findings of fact it has been concluded that costs were consciously misstated but that plaintiff's payments to the contractor and its dam-

ages did not result from the misstating of the costs, but rather resulted from plaintiff's faith in its own estimate of the percentage of contract work completed (Cf. 41 U.S.C.A. §§ 106(b), (e), 109). The absence of reliance, of causation, disposes of the common law fraud claim without more; it would be bare— if attractive—speculation to say that a fraudulently induced belief in the existence of substantial although imperfectly recorded costs predisposed plaintiff to accept a percentage-of-completion basis of payment. The remaining questions are whether the action under Section 19 of the Contract Settlement Act of 1944 is for a penalty and therefore barred by the five-year statute of limitations of 28 U.S.C.A. § 2462, and whether Section 19 imposes liability where no damaging reliance on the false representations is shown.

■■■ It is concluded that, while the claim under Section 19 of the Contract Settlement Act of 1944 (41 U.S.C.A. § 119) is not barred of enforcement by the five-year statute of limitations applicable to suits to recover penalties and forfeitures (28 U.S.C.A. § 2462), plaintiff has not shown that the payments in question and its damages resulted from the fraudulent data presented to it and, in consequence, plaintiff may recover only the $2,000 awards provided by Section 19(3).

Section 19, in essence, enacts that—

"Every person who * * * presents * * * to any officer * * * of any Government agency any claim * * * knowing the same to be false, fraudulent, or fictitious * * * or who shall * * * conceal any material fact, or who shall use * * * any other fraudulent trick * * * for the purpose of securing * * * for any person any * * * payment * * * from the United States * * * in connection with the termination * * * of a contract with the United States * * * (1) shall pay to the United States an amount equal to 25 per centum of any amount thereby sought to be wrongfully secured * * * but not actually received, and (2) shall forfeit and refund any such * * * payment * * * received as a result thereof and (3) shall in addition pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof * * *."

Literally, to present a false claim in order to get a termination payment precipitates a liability for 25% of the claim plus $2,000 even though the fraud is instantly manifest and utterly fails to "result" in a payment. Cf. 28 U.S.C.A. § 2514. In such a case, indictable, perhaps, under 18 U.S.C.A. § 287 or § 1001 although the United States is not deceived or pecuniarily damaged (Cf. Gonzales v. United States, 10th Cir. 1961, 286 F.2d 118, 122), the statute, literally read, would afford the Government a distinct civil remedy for the threat to its funds notwithstanding that loss was averted by the vigilance of the occasion.

Like the Fraudulent Claims Act, Section 19 certainly deals with obtaining money or other property from the United States by false claims, vouchers and the like rather than with impairing or obstructing governmental functions broadly (Cf. United States v. Cohn, 1926, 270 U.S. 339, 346–347, 46 S.Ct. 251, 70 L.Ed. 616; United States ex rel. Starr v. Mulligan, 2d Cir. 1932, 59 F.2d 200, 202; See United States v. Tieger, 3d Cir. 1956, 234 F.2d 589). But it does not follow that Section 19 excludes the case where the fraud is at once discovered and a recovery of penalties under Section 19 would, therefore, appear necessarily to vindicate—by the imposition of a pure "penalty"—the different sovereign interest in the integrity of governmental function as such. Cf. United States v. Fraser, D.Mont.1957, 156 F.Supp. 144, aff'd, 9th Cir. 1958, 261 F.2d 282 (contrast between a modest but "penal" imposition for a non-contractual wrong and a substantial but non-penal imposition for abuse of contract right). Rejection of

that idea is implicit in the holdings under the Fraudulent Claims Act that double jeopardy is not involved in following indictment with a civil suit in which double damages and the "penal" award of $2,000 are sought (United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Cf. Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 100 L. Ed. 149) coupled with the holdings that neither actual deluding of the Government nor actual loss of governmental funds needs to be shown to warrant recovery of the "penal" sum of $2,000. The Fraudulent Claims Act has been held to authorize recovery of the quasi-penal amount of $2,000 in cases where the United States has been, inferentially, deluded but has not been damaged (United States v. Rohleder, 3d Cir. 1946, 157 F.2d 126; see particularly at pages 128–129) and to cases in which the United States seems to have discovered the fraud before making payment and thus not to have been either effectively deceived or pecuniarily damaged (United States ex rel. Marcus v. Hess, W.D.Pa. 1941, 41 F.Supp. 197, 218, aff'd 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Wagner Iron Works v. United States, Ct. Cl.1959, 174 F.Supp. 956). And the statement that there may be recovery of the "penal" sum without proof of damages is now commonplace. United States v. Rainwater, 8th Cir. 1957, 244 F.2d 27, 28; United States v. Ben Grunstein & Sons Co., D.N.J.1955, 127 F.Supp. 907, 912. But Cf. Hyslop v. United States, 8th Cir. 1959, 261 F.2d 786; United States ex rel. Edelstein v. Brussell Sewing Mach. Co., S.D.N.Y.1943, 51 F.Supp. 760, 762 (semble). Note: Rex Trailer Co. v. United States, 1956, 350 U.S. 148 at page 153, 76 S.Ct. 219 at page 222, 100 L.Ed. 149, footnote 5.

United States v. Leyde & Leyde, D.Md. 1950, 89 F.Supp. 256, decided under the Contract Settlement Act of 1944, allowed recovery of 25% of the sum claimed plus $2,000 on evidence satisfying the Court that the claim presented was consciously false although the claim found to be fraudulent was evidently not paid in whole or part. It would, therefore, seem that neither reliance nor damages need be shown to warrant a civil recovery under Section 19, a conclusion compatible with the interpretation of the analogous Fraudulent Claims Act.

■■ The complaint in this case explicitly seeks recovery for only the damages "resulting" from the alleged fraud. Plaintiff has assumed throughout that reliance is requisite and has been proved. Neither reliance nor inducement has been proved. Proof of reliance, proof that the misstatements induced action, is indispensable to the recovery by plaintiff of any payment claimed to have been "received as a result" of the alleged fraud or to the recovery of "any damages which the United States may have sustained by reason" of the alleged fraud (41 U.S.C.A. § 119(2) (3)). The statutory language makes such proof indispensable to the recovery of payments made or damages sustained even though it does not make the right of action itself dependent on reliance and causation. Hence there may be no recovery, here, of the payments as such and no recovery of the alleged damages amounts—the payments less costs and a reasonable profit. There may not, for a much narrower reason, be a recovery of the statutory amount of 25% of the three claims. The 25% is not recoverable simply because the amount claimed was received. The 25% clause operates only where the payment sought has not been received.

■ The complaint's first prayer for relief asked for the monetary damages allegedly sustained "together with the forfeitures allowable by law." Doubtless because of the statute of limitations problem, the "forfeitures," which may or may not have been thought to have included the statutory $2,000 awards of Section 19(3), have not since been adverted to. Rule 54(c) is, however, clear that every final judgment shall grant the relief to which the party is entitled even if he has not demanded that relief in his pleading. Cf. Rule 15(b). See 6 Moore, Federal Practice (2d ed. 1953) 1208–1211.

On the evidence defendants incurred the liability imposed by so much of subdivision (3) of Section 19 as provides for paying the United States $2,000 for each act of fraud. The consequence would be that the liability of defendant, Dinerstein would be $4,000 and that of defendants Dinerstein and Levy, jointly and severally would be $2,000, in each case without interest (See United States v. Globe Remodeling Co., D.Vt.1961, 196 F.Supp. 652, 657–658), unless the claims are barred by the provisions of 28 U.S.C.A. § 2462.

The action under Section 19 is barred by 28 U.S.C.A. § 2462 if it is an action to enforce a civil fine, penalty or forfeiture. The Court of Claims has, on the fullest reconsideration, concluded that Section 2462 does apply to a claim for the 25% amount under Section 19 (Erie Basin Metal Products Inc., Ct.Cl.1957, 150 F.Supp. 561, 138 Ct.Cl. 67) and for the 25% amount plus $2,000 (Goggin v. United States, Ct.Cl. 1957, 152 F.Supp. 78, 138 Ct.Cl. 279). Earlier United States v. Temple, N.D.Ill.1956, 147 F. Supp. 118 had held § 2462 inapplicable relying in some part on the first decision in the Erie Basin case in which the Court of Claims too had held Section 2462 inapplicable. The Court of Claims in its present view has relied on this analysis: the conclusion in United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 and in Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149—that prior criminal proceedings do not preclude (on double jeopardy grounds) later civil suits for $2,000 amounts and double damages—does not require the further conclusion that later civil suits can never be considered suits for penalties within Section 2462. But that logic appears to be disrupted, now, by Koller v. United States, 1959, 359 U.S. 309, 79 S.Ct. 755, 3 L. Ed.2d 828, affirming, on the authority of the Rex Trailer case, United States v. Doman, 3d Cir. 1958, 255 F.2d 865. The Doman case held that a claim under Section 26(b) (1) of the Surplus Property Act of 1944 (now 40 U.S.C.A. § 489(b) (1)) for $2,000 and double damages was not penal and was not barred by Section 2462. See also United States v. Hougham, 1960, 364 U.S. 310, 313, 81 S.Ct. 13, 5 L.Ed.2d 8 (suit for double damages or for double the consideration paid under Section 26(b) (1) or (2)).

It remains, then, that, unless a claim under Section 19, and, more particularly, a claim for statutory awards of $2,000 for each act of fraud, is penal for reasons not considered in the Court's analysis in the Rex Trailer case, the present claim is not barred by Section 2462. Section 26(b) of the Surplus Property Act of 1944 provides for the recovery (in fraud cases), in the alternative, of (1) $2,000 plus double damages, or (2) twice the consideration agreed to be paid (as "liquidated damages"), or (3) the property itself, while the Government also keeps the consideration "as liquidated damages." Section 26(d) states that the civil remedies that the Section provides are additional to other civil remedies and criminal penalties provided by law. Section 19 of the Contract Settlement Act of 1944 provides, in form, for the mandatory cumulative payment of (1) 25% of the claim made if nothing has been received on it; plus (2) a forfeiture and refund of any payment received as a result of the fraud; plus (3) $2,000 for each act of fraud plus double the damages sustained by reason of the fraud. Since the first and second subdivisions cannot operate together, the question is whether the remaining aggregate of assessment is intrinsically penal. Under all three statutes discussed, particular recoveries may, surely, be highly "penal." The Court has, however, analyzed the Fraudulent Claims Act and the Surplus Property Act not in terms of the patent probability of penal operation in particular cases, but in terms of the general Congressional aversion to compensation for losses that are difficult to measure in all their aspects. The language of the Surplus Property Act was helpful to that analysis (Rex Trailer Co. v. United States, supra, 350 U.S. at pages 151–153, 76 S.Ct. at 221–222, 100 L.Ed. 149) as the language of the Fraudulent Claims Act (like the

language of Section 19) definitely was not (United States ex rel. Marcus v. Hess, supra, 317 U.S. at page 551, 63 S.Ct. at 387, 87 L.Ed. 443). But all three statutes are so nearly related in purpose, approach and terms, and it is so apparent that neither particular language differences nor the disparities in the details of their definition of recoverable amounts are relevant to statute of limitations questions, that it is not possible to hold that Section 2462 must apply to the Contract Settlement Act although it does not apply to the Surplus Property Act or (for a very plain additional reason) to the Fraudulent Claims Act.

The Congress saw fit to provide the Fraudulent Claims Act with its own statute of limitations. It, simply, has not done so in the Contract Settlement Act of 1944 nor in the Surplus Property Act of 1944 and 28 U.S.C. § 2462 does not supply the lack.

It follows that a claim for the $2,000 awards (Section 19(3)) has been made out and that plaintiff is entitled to judgment to that extent.